PUBLIC HEALTH AND SAFETY
The Oklahoma Alcohol Services Act does not prevent the involuntary jail incarceration of intoxicated persons found in public places under the following circumstances: (1) If the capacity at the facility or facilities designated by the regional alcohol services plan to serve the area is exceeded. (2) In areas which are, according to the regional alcohol services plan, not served by any facilities. (3) Where the intoxicated person does not consent to the alternative offered, provided however that consent is not necessary and alternative treatment is required where the person is unconscious or in danger of harming himself or others. (4) Where the intoxicated person is subject to other changes. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: In light of the recently enacted "Oklahoma Alcohol Services Act", otherwise known as Senate Bill 280 to be codified as 63 O.S. 2100 [63-2100] et seq. (1978), do city or county police have the authority to incarcerate a public drunk against his will? Your question can be answered through reference to 37 O.S. 8 [37-8] (1977)as amended by Section 1, Chapter 111, O.S.L. 1978, and the Alcohol Services Act, Chapter 64, O.S.L. 1978, with special emphasis on Section 10 of the Oklahoma Alcohol Services Act. Title 37 O.S. 8 [37-8] (1977) reads as follows: "37 O.S. 8 [37-8]. Consuming or hauling intoxicants in public places — Penalties. "A. Any person who shall, in any public place, or in or upon any passenger coach, streetcar, or in or upon any other vehicle commonly used for the transportation of passengers, or in or about any depot, platform, waiting station or room, drink or otherwise consume any intoxicating liquor, intoxicating substance, or intoxicating compound of any kind, or inhale glue, paint, or other intoxicating substance, or if any person shall be drunk or intoxicated in any public or private road, or in any passenger coach, streetcar, or any public place or building, or at any public gathering, from drinking or consuming such intoxicating liquor, intoxicating substance or intoxicating compound or from inhalation of glue, paint or other intoxicating substance, or if any person shall be drunk or intoxicated from any cause and shall disturb the peace of any person, he shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not less than Ten Dollars ($10.00), nor more than One Hundred Dollars ($100.00), or by imprisonment for not less than five (5) days nor more than thirty (30) days, or by both such fine and imprisonment. "B. Where the Department of Mental Health has approved a program alternative to statutory or municipal requirements of prosecution and imprisonment of such person, until the capacity to accommodate intoxicated persons has been exceeded in the facility wherein such alternative program is located, the arresting officer and other public officials involved in an arrest under this section shall utilize such alternative treatment program, upon the voluntary approval of the intoxicated person and the receiving facility, if that facility is in a community other than where the intoxicated person is arrested, rather than proceed under the statutory or municipal laws pertaining to prosecution and imprisonment of intoxicated persons. Such facility wherein the program is located shall make application to the Department of Mental Health for approval, but no such program or facility wherein such program is located shall claim or advertise to be a treatment facility unless duly certified as such by the Department of Mental Health. All facilities acquiring such approval of an alternative program shall establish their own capacity for the number of persons to be accommodated in the program. Nothing in this act shall prohibit a facility certified by the Department of Mental Health from also being approved as a public inebriate alternative program by the Department of Mental Health." And, Section 10, Chapter 64, O.S.L. 1978 reads in pertinent part as follows: "A. An intoxicated person in a public place as defined in 37 O.S. 8 [37-8] of the Oklahoma Statutes, who appears to be in need of help, if he consents to the offered help, may be assisted to his home, to an alternative facility pursuant to 37 O.S. 8 [37-8] of the Oklahoma Statutes or to an approved treatment facility by a peace officer or an emergency service patrol. "B. A person who appears to be intoxicated, and as a result of such intoxication is unconscious in a public place or reasonably appears to be in danger of harming himself or others, may be taken into protective custody by a peace officer or an emergency service patrol and immediately brought to an approved treatment facility for medical or nonmedical detoxification. The peace officer or the emergency service patrol, in detaining the person and taking him to an approved treatment facility, is taking him into protective custody and shall make every reasonable effort to protect his health and safety. In taking the person into protective custody, the detaining officer may take reasonable steps to protect himself. No record shall be made which indicates that the person has been arrested or charged with a crime. "C. A person who is brought to an alternative facility pursuant to 37 O.S. 8 [37-8] of the Oklahoma Statutes or an approved treatment facility may be admitted as a patient by the administrator in charge of the facility or referred to another treatment facility." Different legislative enactments dealing with the same subject must be construed together as a harmonious whole so as to give effect to each. Johnson v. Ward, Okla., 541 P.2d 182 (1975). Therefore, the Attorney General interprets the above statutes as allowing a law enforcement officer to proceed under the statutory or municipal laws pertaining to prosecution and imprisonment of intoxicated persons where there is no alternative program to prosecution and imprisonment. To determine whether or not there is an alternative program in existence at a particular place and time reference must be made to the "Oklahoma Alcohol Services Act." 63 O.S. 2100 [63-2100] et seq. (1978) as amended by Chapter 64, O.S.L. 1978. The Oklahoma Alcohol Services Act sets out procedures and programs to be used in the treatment of alcoholism. The Act creates The Alcohol Prevention, Training, Treatment and Rehabilitation Authority in which it invests several duties and powers. 63 O.S. 2111 [63-2111] (1977) as amended by Section 4, Chapter 64, O.S.L. 1978. One of the duties of the authority is to solicit regional alcohol service plans from "approved treatment facilities, appropriate planning agencies and entities of local government in each region." Section 6(A), Chapter 64 O.S.L. 1978. The regions are the eleven substate planning districts designated by the State Department of Economic and Community Affairs unless otherwise subdivided by the authority. Section 6(B), Chapter 64, O.S.L. 1978. One of the requirements of a regional alcohol services plan is that it delineate its coverage area. Section 7(2), Chapter 64, O.S.L. 1978. If the capacity at the facility or facilities designated by the plan to serve the area is exceeded then the law enforcement officer may, if the intoxicated person appears to be in need of help and consents, assist that person to his home. 63 O.S. 2127 [63-2127]. Or, the officer may proceed under the statutory or municipal laws pertaining to prosecution and imprisonment of intoxicated persons. 37 O.S. 8 [37-8](A) (1977) as amended by Section 1, Chapter 111, O.S.L. 1978. When, however, there is no room for accommodation in a facility and that facility is located in the community where the arrest occurred, the intoxicated person must be taken to the facility. 37 O.S. 8 [37-8](A) (1977) as amended by Section 1, Chapter 111, O.S.L. But when the designated facility is lobated outside the community where the arrest occurred there must be approval of both the intoxicated person and the facility. 37 O.S. 8 [37-8](B) (1977) as amended by Section 1, Chapter 111, O.S.L. 1978. Otherwise regular prosecution and incarceration may be imposed. 37 O.S. 8 [37-8](A) (1977), as amended by Section 1, Chapter 111, O.S.L. 1978. In areas which are according to the regional alcohol services plan, not served by any facilities, the officer may proceed under statutory or municipal laws pertaining to prosecution and imprisonment of intoxicated persons. 37 O.S. 8 [37-8](A) (1977) as amended by Section 1, Chapter 111, O.S.L. 1978. Also to be considered is the matter of consent. Unless the intoxicated person is unconscious or appears to be in danger of harming himself or others, the person's consent is a prerequisite for providing alternatives to prosecution. Absent such consent the officer may proceed under statutory or municipal laws pertaining to prosecution and imprisonment of intoxicated persons. 37 O.S. 8 [37-8] (1977) as amended by Section 1, Chapter 111, O.S.L. 1978; Section 10(B), Chapter 64, O.S.L. 1978. The authority to incarcerate a public drunk has not been repealed but has been modified to provide alternatives to prosecution for public drunk. However, none of the above statutes prevent the arrest and incarceration of public drunks on other charges. It is, therefore, the opinion of the Attorney General that your question be answered in the following manner: The Oklahoma Alcohol Services Act does not prevent the in voluntary jail incarceration of intoxicated persons found in public places under the following circumstances. 1. If the capacity at the facility or facilities designated by the regional alcohol services plan to serve the area is exceeded. 2. In areas which are, according to the regional alcohol services plan, not served by any facilities. 3. Where the intoxicated person does not consent to the alternative offered, provided however that consent is not necessary and alternative treatment is required where the person is unconscious or in danger of harming himself or others. 4. Where the intoxicated person is subject to other charges. (DUANE N. RASMUSSEN) (ksg)